UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BENNETT,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT BURTON, et al.,<br><br>    Defendants. | No. 2:21-cv-1340 KJN P<br><br><br>ORDER |

  Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

  On August 6, 2021, plaintiff was directed to submit a request to proceed in forma pauperis status or pay the filing fee, and to provide a signed and dated signature page for his complaint. On August 23, 2021, plaintiff filed the signature page, and on August 6, 2021, plaintiff filed an addendum, seeking to add an exhibit of his complaint. The Clerk of the Court is directed to interlineate such documents.

  Following an extension of time, on September 10, 2021, plaintiff filed a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges that defendants Garcia and Moreno violated plaintiff's Eighth Amendment rights by housing him in an open dorm with inmates who tested positive for COVID-19, knowing that plaintiff was negative for COVID-19 at that time.  Plaintiff contracted COVID-19 and now suffers from "Post Acute COVID Syndrome," or "Long COVID," experiencing debilitating COVID symptoms.  Plaintiff claims defendants also violated his due process rights and right to equal protection under the Fourteenth Amendment.  Plaintiff alleges that defendant Burton, Warden of the California Health Care Facility, failed to act within the scope of his duties in overseeing the handling of the safety and treatment of plaintiff's health and welfare while in CDCR custody.  (ECF No. 1 at 3.)  Plaintiff seeks money damages.

Discussion

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Garcia and Moreno.  See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendant Burton.  The claim against defendant Burton is hereby dismissed with leave to amend.

1        Supervisory officials are not liable under § 1983 for the actions of their subordinates "on any theory of vicarious liability." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation omitted).

        To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights, and set forth specific factual allegations as to how such person violated plaintiff's rights.

        Thus, plaintiff's allegations as to defendant Burton fail to state a cognizable civil rights claim.

        Plaintiff's due process claims against defendants Garcia and Moreno are subsumed within his Eighth Amendment claims. In other words, because the Eighth Amendment is the primary source of substantive protection to convicted prisoners raising failure to protect claims, plaintiff's claims are analyzed under the Eighth Amendment, not the Due Process Clause. Plaintiff's due process claims are dismissed without leave to amend.

        Plaintiff alleges no specific facts as to his alleged equal protection claims. The Equal Protection Clause of the Fourteenth Amendment commands that "no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon

membership in a protected class." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) (citing Washington v. Davis, 426 U.S. 229, 239-40 (1976)).

Here, plaintiff did not identify what protected class he is a member of, what other persons are similarly situated, or that there was no rational basis for the difference in treatment. Plaintiff's conclusory statement that his Fourteenth Amendment rights to equal protection were violated is not sufficient to state a claim. Plaintiff's claims that his equal protection rights were violated fail to state a claim and is also dismissed.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Garcia and Moreno and pursue his Eighth Amendment claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendant Burton, or raise other related claims as to defendants Garcia and Moreno.

If plaintiff elects to attempt to amend his complaint to remedy the above-identified defects, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Garcia and Moreno, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days he must return the appended Notice of Election form. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Burton, and all remaining claims against defendants Garcia and Moreno, without prejudice.

If plaintiff elects to file a proposed amended complaint, he is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Plaintiff is cautioned that in his amended complaint he may only include claims related to his Eighth Amendment claims against defendants Garcia and Moreno. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them

jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to insert plaintiff's signed signature page (ECF No. 6 at 2) in place of the unsigned signature page (ECF No. 1 at 6); and to append as an exhibit to plaintiff's complaint ECF No. 4 at 2-8 as plaintiff's Exhibit F (ECF No. 1-1).

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 11) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Claims against defendant Burton, and equal protection claims as to defendants Garcia and Moreno, are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

5. The allegations in the pleading are sufficient to state potentially cognizable Eighth

Amendment claims against defendants Garcia and Moreno.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed forthwith as such defendants, the court will order service under the Court's E-Service pilot program for civil rights cases for the Eastern District of California.  Defendants Garcia and Moreno will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claim against defendant Burton, and his due process and equal protection claims against defendants Garcia and Moreno, without prejudice.

5. Failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  September 22, 2021

/benn1340.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BENNETT, | No. 2:21-cv-1340 KJN P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| ROBERT BURTON, et al., | |
| Defendants. | |

Plaintiff submits the following documents in compliance with the court's order filed _____ .

\_\_\_\_\_ Plaintiff chooses to proceed forthwith as to defendants Garcia and Moreno, and consents to the dismissal of defendant Burton, and the dismissal of plaintiff's due process and equal protection claims against defendants Garcia and Moreno, without prejudice.

**OR**

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process; a proposed amended complaint is appended.

DATED:

_____
Plaintiff