1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JONATHAN BENNETT, | No. 2:21-cv-1340 KJN P |
| Plaintiff, | |
| v. | ORDER |
| BURTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Defendants' motion for summary judgment based on exhaustion of administrative remedies is pending. On June 9, 2022, plaintiff filed a document styled, "Rebuttal and Response to Defendants' Reply." (ECF No. 35.) On June 14, 2022, defendants objected that plaintiff's filing was an unauthorized surreply, and should not be considered. (ECF No. 36.) However, if the court decided to consider the surreply, defendants sought leave to respond. (Id.)

Parties do not have the right to file surreplies, and motions are deemed submitted when the time to reply expires. Local Rule 230(l). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citation omitted). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County

1  School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in
2  denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller,
3  102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving
4  the non-movant an opportunity to respond).  While plaintiff does not have a right to file a
5  surreply, in this instance the court exercises its discretion and will consider plaintiff's surreply in
6  ruling on defendants' motion for summary judgment considering plaintiff's pro se status and the
7  fact that his surreply presents relevant evidence on summary judgment.  See Blaisdell v. Frappiea,
8  729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal
9  construction to the filings of pro se litigants, especially when they are civil rights claims by
10 inmates.  This rule relieves pro se litigants from the strict application of procedural rules. . . .")
11 (citations omitted); Frost v. Symington, 197 F.3d 348, 352-53 (9th Cir. 1999) (requiring liberal
12 treatment of pro se plaintiff at summary judgment); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th
13 Cir. 1992) (noting liberal treatment of pro se plaintiff is "particularly important in civil rights
14 cases").  Therefore, defendants are provided an opportunity to address plaintiff's surreply.
15 Plaintiff is cautioned that no further briefing is permitted; once defendants file their response to
16 plaintiff's surreply, the motion for summary judgment will stand submitted.
17         Good cause appearing, IT IS HEREBY ORDERED that:
18         1. Plaintiff's June 9, 2022 filing is construed as a surreply (ECF No. 35) to defendants'
19 reply, and will be considered in connection with the pending motion for summary judgment; and
20         2. Defendants are granted fourteen days to file a response to the surreply.  No further
21 briefing is allowed.
22 Dated:  October 17, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/benn1340.sur