UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BENNETT,<br><br>        Plaintiff,<br><br>    v.<br><br>ROBERT BURTON, et al.,<br><br>        Defendants. | No.  2:21-cv-1340 WBS KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

      In his amended complaint, plaintiff alleges that defendant Burton, Warden of the California Health Care Facility, failed to act within the scope of his duties in overseeing the handling of the safety and treatment of plaintiff's health and welfare while in CDCR custody.  As discussed below, the amended complaint does not state a cognizable claim against defendant Burton.

Background

      On September 22, 2021, plaintiff's claims against defendant Burton were dismissed because they were based solely on Burton's role as warden of California Health Care Facility. (ECF No. 13.)  On October 4, 2021, plaintiff elected to proceed solely on his Eighth Amendment claims against defendants Moreno and Garcia.  (ECF No. 16.)  In his amended complaint, plaintiff renewed his claim against defendant R. Burton.  (ECF No. 43 at 3 (first claim).)

////

1

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal

connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Discussion

In his amended complaint, plaintiff reiterates his claim that defendant Burton violated plaintiff's rights by failing to act within the scope of Burton's ministerial duties in maintaining responsible oversight in handling plaintiff's health and safety during his incarceration.  (ECF No. 43 at 3.)  However, supervisory officials are not liable under § 1983 for the actions of their subordinates "on any theory of vicarious liability." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation omitted).  Despite having two opportunities to do so, plaintiff includes no facts demonstrating Burton's personal involvement or a causal connection to the alleged civil rights violations.  Rather, plaintiff names defendant Burton solely based on his role as warden.  Thus, plaintiff's allegations as to defendant Burton again fail to state a cognizable civil rights claim.

Leave to Amend

Plaintiff was previously given an opportunity to amend the complaint and was advised that in order to state a claim he must state facts to show the personal participation of the warden or a causal connection with the alleged civil rights violation.  Despite this fact, plaintiff reiterated the same claim based on the warden's role.  Thus, it appears that further amendment would be futile.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (A pro se litigant must be given leave to amend his complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment); Zucco Partners,

LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009)("where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad."); Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).  Defendant Burton should be dismissed.

     Accordingly, IT IS HEREBY RECOMMENDED that defendant Burton be dismissed from this action with prejudice.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 12, 2022

                                          KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

/benn1340.57