UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BENNETT, | No. 2:21-cv-1340 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| BURTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's motion to amend and proposed amended complaint are before the court.

As discussed below, plaintiff's motion to amend is granted, and the undersigned finds that plaintiff states potentially cognizable Eighth Amendment claims against defendants Garcia and Moreno.

Motion to Amend

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required,

1

21 days after service of a responsive pleading or 21 days after service
of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id. An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also L.R. 220 (every pleading to which an amendment is permitted as a matter of right shall be retyped and filed so that it is complete in itself without reference to the prior pleading.).

Plaintiff seeks leave to amend to add an Eighth Amendment failure to protect claim. Defendants do not oppose the motion to amend, pointing out that plaintiff may amend his complaint as of right because defendants have not yet filed a responsive pleading. Thus, plaintiff's motion to amend is granted. Because plaintiff's amended complaint supersedes the original complaint, the filing of the amended complaint moots both defendants' motion for summary judgment as well as the pending findings and recommendations, and both are vacated.

Amended Complaint

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

1  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
2  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
3  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
4  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
5  this standard, the court must accept as true the allegations of the complaint in question, Hosp.
6  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
7  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
8  McKeithen, 395 U.S. 411, 421 (1969).

    Discussion

Plaintiff renews his first Eighth Amendment claim and adds a failure to protect claim, also alleged as a violation of his Eighth Amendment rights.[1]  Plaintiff's allegations state potentially cognizable Eighth Amendment claims against defendants Moreno and Garcia, who shall file an amended answer within twenty-one days.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 42) is granted.

2. The filing of the amended complaint moots both defendants' motion for summary judgment (ECF No. 32) and the pending findings and recommendations (ECF No. 41); both filings (ECF Nos. 32, 41) are vacated.

3. Plaintiff's amended complaint states potentially cognizable Eighth Amendment claims against defendants V. Garcia and F. Moreno; such defendants shall file a responsive pleading within twenty-one days from the date of this order.

Dated:  December 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/benn1340.mta

---

[1] Despite the court's prior screening order, as well as plaintiff's voluntary election not to proceed on such claim (ECF No. 15), plaintiff renewed his claim against defendant R. Burton, warden of California Health Care Facility.  (ECF No. 43 at 3 (first claim).)  By separate findings and recommendations, the undersigned recommends that defendant Burton be dismissed from this action.