UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BENNETT,<br><br>  Plaintiff,<br><br>  v.<br><br>BURTON, et al.,<br><br>  Defendants. | No. 2:21-cv-1340 WBS KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff's motion for preliminary injunction and temporary restraining order is before the court. It is recommended that the motion be denied.

I. Background

This action proceeds on plaintiff's amended complaint against defendants U. Garcia and F. Moreno. (ECF No. 43.) Plaintiff alleges that on December 19, 2020, defendants violated plaintiff's Eighth Amendment rights by housing him in an open dorm with inmates who tested positive for COVID-19, knowing that plaintiff was negative for COVID-19 at that time. Despite notifying such defendants of these circumstances, defendants failed to intervene to remedy the situation. As a result, plaintiff contracted COVID19 and now suffers from "Post Acute COVID Syndrome," or "Long COVID," experiencing debilitating COVID symptoms. Plaintiff seeks money damages.

1

Defendants filed an opposition to plaintiff's motion; plaintiff did not file a reply.

II. <u>Governing Law</u>

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment. <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers</u>, 415 U.S. 423, 439 (1974). The standards for both forms of relief are essentially the same. <u>See</u> <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 24 (2008) (citations omitted); <u>Epona v. Cty. of Ventura</u>, 876 F.3d 1214, 1227 (9th Cir. 2017). "The sole purpose of a preliminary injunction is to 'preserve the status quo ante litem pending a determination of the action on the merits.'" <u>Sierra Forest Legacy v. Rey</u>, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing <u>L.A. Memorial Coliseum Comm'n v. NFL</u>, 634 F.2d 1197, 1200 (9th Cir. 1980).) The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter</u>, 555 U.S. at 20 (citations omitted); <u>Am. Trucking Associations, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).

The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. <u>Caribbean Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988); <u>see also</u> <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Speculative injury does not constitute irreparable harm. <u>See id.</u>; <u>Goldie's Bookstore, Inc. v. Superior Court</u>, 739 F.2d 466, 472 (9th Cir. 1984). A presently existing actual threat must be shown, although the injury need not be certain to occur. <u>Zenith Radio Corp.</u>, 395 U.S. at 130-31; <u>FDIC v. Garner</u>, 125 F.3d 1272, 1279-80 (9th Cir. 1997), <u>cert. denied</u>, 523 U.S.

1020 (1998).

There is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." Comm. of Cent. Am. Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

Further, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Finally, an injunction against individuals who are not parties to the action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

III.  Plaintiff's Motion

Plaintiff alleges that on February 14, 2023, "unnamed prison officials" in the instant action also violated plaintiff's Eighth Amendment rights by allowing plaintiff to be housed in an open dorm with inmates who were known to be "exposed to COVID-19," when it was clear that plaintiff was not.  (ECF No. 54 at 7.)  Plaintiff claims that "unnamed prison officials" came to plaintiff's dorm with a list of inmates identified as "exposed" to COVID-19, eight of whom were from plaintiff's dorm.  Such officials advised plaintiff and his dorm-mates that there was inadequate housing to relocate the "exposed" inmates and would therefore lockdown the yard, leaving the "exposed" inmates housed with unexposed inmates.  (ECF No. 54 at 8.)  Plaintiff objected and requested to be removed, but the "unnamed prison officials" rejected plaintiff's request.  Plaintiff also alleges that one of the eight exposed inmates is plaintiff's "cellmate."  (ECF No. 54 at 8.)  Plaintiff claims he has been forced to sleep on the same bunk as an exposed inmate since February 14, 2023.  Plaintiff further alleges that unnamed prison officials wait an entire day to evaluate the exposed inmates and instruct medical staff to come and verify if the eight exposed inmates would like to go to isolation and quarantine on the very next day, February 15, 2023, rather than the moment they learn of the exposure.  In addition, such unnamed prison

3

officials told medical staff to require the eight exposed inmates to sign a refusal form stating they did not want to go to quarantine on February 15, 2023, allegedly to shield themselves from liability. Plaintiff alleges the actions and omissions of these unnamed prison officials did not serve a penological purpose and violated plaintiff's Eighth Amendment rights, exposing plaintiff to a potential substantial increased risk of harm inasmuch as plaintiff suffers from chronic issues that stem from his initial contraction of the COVID-19 virus. As relief, plaintiff seeks an order restraining defendants and "each of their officers, agents, employers, and all persons acting in concert or participation with them from violating plaintiff's Constitutional rights and/or CDCR policies and procedures on COVID-19." (ECF No. 54 at 11.) Plaintiff seeks an order moving him to a cell-living environment on E-Facility at CHCF. Plaintiff's motion is verified, and he provided his own declaration, as well as the declaration of fellow inmate Gerald Robinson in support of the motion. (ECF No. 54 at 18-19.) Inmate Robinson declares that he was informed by prison officials on February 14, 2023, that Robinson was exposed to COVID-19 (by contact tracing); Robinson took one rapid COVID-19 test and the result was negative. (ECF No. 54 at 19.) On February 15, 2023, Robinson was asked by medical staff if Robinson wanted to go to isolation and quarantine; plaintiff signed a refusal form. (Id.)

IV. Defendants' Opposition

Defendants point out that plaintiff does not claim he is in danger of being housed with inmates who have testified positive for COVID-19, and fails to identify the imminent harm inasmuch as plaintiff already alleged he contracted COVID-19 and suffers from "long COVID." Plaintiff also fails to allege the involvement of either defendant in plaintiff's current situation, or otherwise provide facts connecting the instant allegations with those pursued in the amended complaint. Rather, plaintiff alleges "unnamed prison officials" informed plaintiff about the "exposed" inmates, and "somewhat confusingly refers to a 'cellmate' although he alleges that he is housed in a dormitory setting." (ECF No. 55 at 2.) Defendants note that it is unlikely plaintiff has exhausted his administrative remedies as required under the Prison Litigation Reform Act.

Defendants contend that plaintiff's motion should be denied because he seeks all three types of disfavored relief: (1) to overturn the status quo, on a showing that he is being housed

with other inmates who were exposed to COVID-19, but have not tested positive for the virus; (2) mandatory rather than prohibitory relief, failing to set forth facts clearly favoring plaintiff; and (3) a temporary restraining order seeking the same relief he could obtain after a trial on the merits, assuming plaintiff filed a claim addressing the specific incident and first exhausted administrative remedies. (ECF No. 55 at 3-4.) Defendants argue that plaintiff failed to meet the high level of scrutiny required to obtain such disfavored relief. (ECF No. 55 at 3-4.)

Further, defendants argue that plaintiff failed to demonstrate he is likely to succeed on the merits or likely to suffer irreparable harm in the absence of preliminary relief. (ECF No. 55 at 4.)

V. <u>Discussion</u>

Plaintiff's motion should be denied because it seeks relief that is unrelated to the claims proceeding in this case, and challenges actions taken by unidentified individuals who are not party to this action and that took place after this action was filed.

As the Ninth Circuit stated,

> [T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." <u>De Beers Consol. Mines</u>, 325 U.S. at 220. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

<u>Pacific Radiation Oncology, LLC v. Queen's Medical Center</u>, 810 F.3d 631, 636 (9th Cir. 2015).

Here, plaintiff contends that on February 14, 2023, unidentified individuals left plaintiff housed with prisoners who had been exposed to COVID-19, not who tested positive for COVID-19. Plaintiff includes no specific allegations tying his request to the December 19, 2020 acts or omissions of defendants named herein. In addition, the relief sought differs. In this action, plaintiff seeks money damages; in his motion, plaintiff seeks broad injunctive relief, including an injunction and temporary restraining order prohibiting defendants Garcia and Moreno and "each of their officers, agents, employers, and all persons acting in concert or participation with them, from violating plaintiff's constitutional rights and/or CDCR policies and procedures on COVID-

5

19, as well as a mandatory injunction requiring that he be moved to a cell-living environment on E-Facility at CHCF.[1] (ECF No. 54 at 11-12.) Because plaintiff identified no relationship between his underlying allegations and the instant motion, the motion should be denied.

In addition, plaintiff's motion should be denied because it is directed to unidentified individuals over whom the Court does not have jurisdiction. Zenith Radio Corp., 395 U.S. at 110.

Importantly, in order to obtain injunctive relief, plaintiff is required to address each element under Winter. Plaintiff provides no facts demonstrating he is likely to succeed on the merits of this action, that the balance of equities tips in his favor, or that an injunction is in the public interest. Plaintiff claims that "the ongoing violations of acting deliberate[ly] indifferent to the plaintiff's constitutional rights . . . continue to cause the plaintiff irreparable injury." (ECF No. 54 at 4.) But plaintiff fails to provide specific facts demonstrating he is at risk of imminent harm from being housed in a dorm with other inmates who have been "exposed" to COVID-19. While there may be a potential for harm, plaintiff is required to set forth facts demonstrating that irreparable harm is likely, not just possible. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Because plaintiff fails to address all of the elements under Winter, his motion should be denied.

For all the above reasons, plaintiff's motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 54) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

---

[1] A mandatory injunction orders a responsible party to act. Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015.) A mandatory injunction goes beyond maintenance of the status quo, and are disfavored. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009).

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 28, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/benn1340.tro.pi