UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BENNETT, | No. 2:21-cv-1340 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| BURTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Defendants' motion to stay discovery and plaintiff's motion to compel discovery are before the court.

As set forth below, the undersigned finds good cause to modify the scheduling order and grants defendants' motion to stay discovery and denies, without prejudice, plaintiff's motion to compel.

I. Background

In plaintiff's amended complaint against defendants U. Garcia and F. Moreno, plaintiff alleged that on December 19, 2020, defendants violated plaintiff's Eighth Amendment rights by allowing him to be housed in an open dorm with inmates who tested positive for COVID-19, knowing that plaintiff was negative for COVID-19 at that time. (ECF No. 43.) Despite notifying such defendants of these circumstances, defendants failed to intervene to remedy the situation.

As a result, plaintiff contracted COVID19 and now suffers from "Post Acute COVID Syndrome," or "Long COVID," experiencing debilitating COVID symptoms. He sought money damages.

On February 14, 2023, defendants filed their motion for judgment on the pleadings.

On February 15, 2023, defendants filed a motion to stay discovery pending a ruling on their motion for judgment on the pleadings. (ECF No. 53.) Plaintiff filed an opposition (ECF No. 57); defendants filed a reply (ECF No. 59).

On March 15, 2023, plaintiff filed a motion to compel discovery and for sanctions. (ECF No. 60.) Defendants filed an opposition (ECF No. 61); plaintiff filed a reply (ECF No. 63).

By findings and recommendations filed separately, it was recommended that defendants' motion for judgment on the pleadings be granted, plaintiff's amended complaint be dismissed, and he be granted leave to file a second amended complaint.

<u>Motion to Modify the Scheduling Order</u>

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations</u>, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants seek to stay discovery because their motion for judgment on the pleadings claimed defendants are entitled to qualified immunity, and none of plaintiff's discovery requests relate to the issue of qualified immunity. In addition, defendants contend the stay will not interfere with the decision on the motion for judgment on the pleadings. (ECF No. 53 at 3.)

In opposition, plaintiff argues that discovery should not be stayed because the motion for judgment on the pleadings is "emphatically preposterous" and "totally inaccurate because the court already screened the amended complaint and found it stated a claim. (ECF No. 57 at 4.)

2

However, plaintiff misconstrues the nature of the preliminary screening called for by 28 U.S.C. § 1915A. A court's determination, upon screening, that a complaint may state cognizable claims does not preclude a defendant from subsequently bringing a motion under Federal Rule of Civil Procedure 12.[1]  See Norsworthy v. Beard, 87 F.Supp.3d 1104, n.4 (N.D. Cal. Mar. 31, 2015) ("The issuance of a screening order under the Prison Litigation Reform Act finding that [plaintiff] has stated a cognizable claim does not foreclose Defendants from moving to dismiss the complaint."); Teahan v. Wilhelm, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007) ("[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring."); James v. Perez, 2012 WL 5387676, *2 (E.D. Cal. Nov. 1, 2012) ("To adopt [plaintiff]'s position [and hold that screening under 28 U.S.C. § 1915A precludes defendants from subsequently filing a Rule 12(b)(6) motion] would deprive [d]efendants of the basic procedural right to challenge the sufficiency of the pleadings."). It is for this reason that the undersigned noted, in the earlier screening order, that the amended complaint "states *potentially* cognizable Eighth Amendment claims against defendants Garcia and Moreno." (ECF No. 46 at 1.)

Plaintiff's arguments concerning whether or not his pleading states a cognizable civil rights claim are now mooted by the recommendation that defendants' motion for judgment on the pleadings be granted.

Plaintiff appears to contend that defendants' motion for stay was filed to delay or deprive plaintiff from obtaining discovery he contends would strengthen his claims. But as pointed out by defendants in their reply, plaintiff failed to address or refute the arguments and legal authorities provided in their motion. "When qualified immunity is raised as a defense, that issue is to be resolved before the defendants claiming immunity are to be subjected to discovery. Crawford-El v. Britton, 523 U.S. 574, 598 (1998). In addition, defendants were diligent in seeking the stay along with the filing of their dispositive motion.

---

[1] It is well-settled that the standard applied on a Rule 12(c) motion is essentially the same as that applied on Rule 12(b)(6) motions. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

In light of the recommendations that the motion for judgment on the pleadings be granted, and the finding that it is unclear whether plaintiff can amend to state cognizable claims as to defendants, the undersigned finds good cause to stay discovery. Defendants are relieved of their obligation to respond to the pending discovery requests. In addition, the undersigned vacates the scheduling order. A new scheduling order will issue, if appropriate, following the screening of plaintiff's second amended complaint.

Motion to Compel Discovery

Because defendants' motion for stay is granted, defendants' motion to compel discovery is denied without prejudice.

Motion for Rule 11 Sanctions

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well-grounded in fact, legally tenable, and not interposed for any improper purpose.'" Islamic Shura Council of Southern California v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)). A motion pursuant to Rule 11 has stringent notice and filing requirements. See Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005). Rule 11 includes a "safe harbor" provision that the court strictly enforces. See Fed. R. Civ. P. 11(c)(2) ("The motion must be served . . . but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service. . . .").

First, plaintiff's motion must be denied because he failed to comply with the "safe harbor" provision of Rule 11(b).

Second, plaintiff's motion fails on the merits. Plaintiff identifies no misrepresentations made by defendants or their counsel as required under Rule 11. Plaintiff's conclusory claim that defendants have acted in bad faith, filed frivolous filings and baseless motions is unsupported by specific facts, not supported by the record, and therefore is insufficient. That defendants availed themselves of procedures specifically provided for in the Federal Rules of Civil Procedure, standing alone, does not demonstrate bad faith or delay because defendants have a procedural

4

right to challenge the sufficiency of the pleadings.  Nor does their legitimate request to stay discovery constitute a refusal to participate or cooperate in discovery.

For all of the above reasons, plaintiff's motion for sanctions under Rule 11 is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay discovery (ECF No. 53) is granted; defendants are relieved of their obligation to respond to the pending discovery requests, and all discovery is stayed pending further order of court;

2. Plaintiff's motion to compel discovery and for sanctions (ECF No. 60) is denied;

3. The discovery and scheduling order (ECF No. 49) is vacated and will be reset, if appropriate, by further court order.

Dated:  April 20, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/benn1340.mtc.sty