IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BENNETT,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>BURTON, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:21-cv-01340-WBS-CSK<br><br>**ORDER GRANTING DEFENDANTS' *EX PARTE* MOTION TO REOPEN DISCOVERY AND TO EXTEND THE PRETRIAL MOTIONS DEADLINE; REVISED DISCOVERY AND SCHEDULING ORDER** |

　　　　Plaintiff is a former state prisoner.  Defendants move for a first extension of time to file a dispositive motion and to reopen discovery to depose the plaintiff.

I.　　BACKGROUND[1]

　　　　This action proceeds on plaintiff's original complaint alleging that defendants Garcia and Moreno violated plaintiff's Eighth Amendment rights by housing him in an open dorm with inmates who tested positive for COVID-19, knowing that plaintiff was negative for COVID-19 at that time.  Plaintiff contracted COVID-19 and now suffers from "Post Acute COVID Syndrome," or "Long COVID," experiencing debilitating COVID symptoms.  Plaintiff claims defendants also

---

[1] Per plaintiff's election (ECF No. 16), his due process and equal protection claims, and defendant Robert Burton were dismissed without prejudice on October 19, 2021.  (ECF No. 17 at 4.)

violated his due process rights and right to equal protection under the Fourteenth Amendment. (ECF No. 1.)

      Plaintiff filed a notice of change of address on March 29, 2024.  (ECF No. 80.)

      On May 3, 2024, the district court denied defendants' motion to dismiss.  (ECF No. 82.)

      On May 28, 2024, the Court issued a discovery and scheduling order, setting the discovery deadline for September 20, 2024, and the pretrial motions deadline for December 13, 2024.  (ECF No. 84.)

      On October 25, 2024, newly assigned counsel for defendants filed a motion to reopen discovery for the sole purpose of taking plaintiff's deposition, and to extend the pretrial motions deadline.  (ECF No. 87.)

      Orders served on plaintiff's new address (ECF No. 82, 84) have not been returned by the postal service as undeliverable.

## II.  DEFENDANTS' MOTION FOR EXTENSION

      Defendants seek to modify the Court's Discovery and Scheduling Order by reopening the discovery deadline for the sole purpose of taking plaintiff's deposition, and to extend the dispositive motions deadline.  Defendants' prior counsel retired from state service and at the time this case was transferred to new counsel on September 26, 2024, the discovery deadline had expired on September 20, 2024, and prior counsel had not deposed plaintiff.  (ECF No. 87-1 at 2.)  But new counsel believes that deposing plaintiff would materially advance the case by probing the validity of plaintiff's allegations, vetting certain potential affirmative defenses, and speeding up resolution of the case, either by motion for summary judgment or potential settlement.  (ECF No. 87-1 at 2.)  New counsel intended to try and obtain a stipulation to depose plaintiff and extend the discovery and pretrial motions deadlines, but the litigation coordinator at California Health Care Facility informed counsel that plaintiff had absconded from parole, and his whereabouts are unknown.  (ECF No. 87 at 4.)  New counsel is "diligently trying to locate plaintiff, so that the deposition can be completed swiftly."  (ECF No. 87 at 6.)

///

///

     A.   <u>Standards Governing Modifications to Scheduling Orders</u>

"The district court is given broad discretion in supervising the pretrial phase of litigation." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson</u>, 975 F.2d at 607).

     B.   <u>Discussion</u>

The Court finds that defendants have shown good cause to modify the discovery deadline for the sole purpose of deposing plaintiff, and to extend the pretrial motions deadline. Therefore, defendants' motion is granted. Discovery is reopened for the sole purpose of deposing plaintiff, and the revised discovery deadline is set for December 30, 2024. The pretrial motions deadline is extended to February 11, 2025. In all other respects, the May 28, 2024 Discovery and Scheduling Order remains in effect.

     C.   <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that defendants' motion (ECF No. 87) is granted, as follows:

1. Discovery is reopened for the sole purpose of depositing plaintiff;
2. The discovery deadline is extended to December 30, 2024; and
3. The pretrial motions deadline is extended to February 11, 2025.

In all other respects, the May 28, 2024 Discovery and Scheduling Order (ECF No. 84) remains in effect.

Dated: November 1, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/benn1340.16b