UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN BENNETT, | No. 2:21-cv-1340 WBS CSK P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| U. GARCIA, et al.,[1] | |
| Defendants. | |

Plaintiff is proceeding without counsel with this civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons stated herein, this Court recommends that this action be dismissed for plaintiff's failure to prosecute.

I. BACKGROUND

Plaintiff commenced this action on July 29, 2021, and has amended his complaint twice. (ECF Nos. 1, 43, 70.) On January 6, 2023, the parties were informed that motions to dismiss shall be briefed pursuant to Local Rule 230(l), and failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. (ECF No. 49 at 6.) The parties were also informed

---

[1] Per plaintiff's election (ECF No. 16), his due process and equal protection claims, and defendant Warden Robert Burton were dismissed without prejudice on October 19, 2021. (ECF No. 17 at 4.) Plaintiff's amended complaint named only defendants U. Garcia and F. Moreno as defendants, as did plaintiff's second amended complaint. (ECF Nos. 43, 70.) Therefore, the Clerk of the Court is directed to change the caption of this action as reflected above.

1

that the failure of any party to comply with the January 6, 2023 order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. (ECF No. 49 at 8, citing Fed. R. Civ. P. 41(b).) This action proceeds on plaintiff's second amended complaint against defendants U. Garcia and F. Moreno, and was screened by the Court on October 3, 2023. (ECF Nos. 70, 72.)

On November 2, 2023, defendants filed a motion to dismiss. (ECF No. 73.) On December 12, 2023, plaintiff was advised that failure to file an opposition to the motion to dismiss would be "deemed as consent to have the (a) action dismissed for lack of prosecution, and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order[, and] "such a failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." (ECF No. 74.) Plaintiff was also granted an additional thirty days to file an opposition, which he filed on December 18, 2023 (ECF No. 75). On March 8, 2024, the Court recommended that defendants' motion to dismiss be denied. (ECF No. 77.) On May 3, 2024, the district court adopted the findings and recommendations in full and denied defendants' motion to dismiss. (ECF No. 82.)

After he was paroled from prison, plaintiff filed two notices of change of address on March 14 and March 29, 2024, both to the same address, which remain plaintiff's address of record. (ECF Nos. 78, 80.)

On May 28, 2024, this Court issued a discovery and scheduling order, setting the discovery deadline for September 20, 2024, and the pretrial motions deadline for December 13, 2024. (ECF No. 84.)

On October 25, 2024, newly assigned counsel for defendants filed a motion to reopen discovery for the sole purpose of taking plaintiff's deposition, and to extend the pretrial motions deadline. (ECF No. 87.) New defense counsel had been informed that plaintiff had absconded from parole and his whereabouts were unknown. (Id. at 3-4.) On November 4, 2024, defendants' motion was granted, the discovery deadline was extended to December 30, 2024, for the sole purpose of locating and deposing plaintiff, and the pretrial motions deadline was extended to February 11, 2025. (ECF No. 88.)

       On November 21, 2024, defendants noticed plaintiff's deposition for December 16, 2024, and served plaintiff with the deposition notice by mail at his address of record.  (ECF No. 91 at 5-7.)  Plaintiff did not respond to the deposition notice or to multiple efforts by defense counsel to contact plaintiff.  (ECF No. 91 at 2.)

       On January 13, 2025, defendants filed a motion to dismiss for failure to prosecute or in the alternative to extend the case schedule and compel plaintiff's deposition.  (ECF No. 90.)  Plaintiff has not filed a timely opposition or otherwise responded to the motion to dismiss.

       Orders served on plaintiff's address of record (ECF Nos. 82, 84, 88) in May 2024 and November 2024 have not been returned by the postal service as undeliverable.[2]

## II.  DEFENDANTS' MOTION TO DISMISS

### A.  Defendants' Position

       Defendants move to dismiss because plaintiff failed to attend his deposition scheduled for December 16, 2024, failed to communicate, and has absconded from parole.  (ECF No. 90 at 1.)  Defendants provided the declaration of plaintiff's parole agent Moke Phovixay, who attests to the following:  (a) plaintiff paroled from CDCR custody on March 17, 2024, and Moke Phovixay was assigned to be plaintiff's parole agent on March 18, 2024; (b) almost all of Agent Phovixay's contacts with plaintiff have been at his residence at 4725 Marconi Avenue, Apartment #26, Carmichael, California, or at the parole office; (c) agent Phovixay's last face to face contact with plaintiff was on August 21, 2024, at the parole office; (d) on September 4, 2024, the agent attempted to visit plaintiff at his home, but was unable to make contact; (e) on September 13, 2024, the agent spoke with plaintiff's brother, Christopher Edwards, who to the agent's knowledge, still lives at plaintiff's last address at 4725 Marconi Avenue, who informed the agent that Edwards also had not seen plaintiff; (f) on September 24, 2024, the agent made a second attempt to visit plaintiff at his home but was unable to make contact; the agent also visited plaintiff's last work location, but plaintiff was not there; and (g) as of December 19, 2024, the parole agent still had no contact with plaintiff.  (ECF No. 90-2 at 1-2.)

---

[2]  Though on April 29, 2024, mail was returned to the Court as undeliverable, beginning in May 2024, mail to the plaintiff has not been returned as undeliverable.  See Docket.

Defense counsel's efforts to locate plaintiff have also been unavailing. After mailing the deposition notice, defense counsel called plaintiff on November 26, 2024, at two phone numbers associated with plaintiff; one was disconnected, and the other went straight to voicemail. (ECF No. 90-1 at 2.) Defense counsel made subsequent attempts to call plaintiff on December 6 and 11, 2024, but was unable to reach plaintiff. (Id.) After the consistent inability to contact plaintiff failed, defendants canceled the deposition to avoid unnecessary costs. (Id. at 3.) Defendants point out that plaintiff is aware he is required to notify the Court of any change of address because he did so on March 14 and March 29, 2024. Defendants argue that four of the five factors in Pagtalunan v. Galaza, 291 F.3d 639, 634 (9th Cir. 2002), support dismissal of this case. (ECF No. 90 at 4-5.) In the alternative, defendants seek an order compelling plaintiff to participate in a deposition and extend the discovery and pretrial motions deadlines. (ECF No. 90 at 6.)

B.  Governing Standards

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). Failure to cooperate in discovery may result in the imposition of sanctions, including, but not limited to, a recommendation that this action be dismissed. See Fed. R. Civ. P. 37(b)(2)(A) (sanctions may be imposed for failure to comply with a discovery order). The standards governing dismissals for failure to appear for deposition under Rule 37 and for lack of prosecution under Rule 41(b) are "basically the same." Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone, 833 F.2d at 130-31) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors:

(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

### C. Discussion

First, the public's interest in the expeditious resolution of cases always favors dismissal.  See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999), superseded by statute on other grounds; Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 990) (finding a failure to prosecute for almost four months weighing in favor of dismissal).  Here, plaintiff has not communicated with the Court since his March 29, 2024 change of address notice (ECF No. 80), has not responded to defendants' motions filed in October 2024 and January 2025, and plaintiff has absconded from parole for six months, which strongly weighs in favor of dismissal.[3]

Second, the Court is required to manage its docket without being subject to a litigant's noncompliance.  Pagtalunan, 291 F.3d at 642 (citing Ferdik, 963 F.2d at 1261; see also Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

Based on the parole agent's declaration, the last personal contact with plaintiff was on August 21, 2024.  Defense counsel's efforts to contact plaintiff have been unavailing, and plaintiff did not respond to the deposition notice or appear for the December 16, 2024 deposition.  The parole agent confirms that plaintiff's address of record is shared with plaintiff's brother, Christopher Edwards.  Mr. Edwards claimed he had not seen plaintiff, but it is unclear whether plaintiff may have picked up his mail after the parole agent's contact with Mr. Edwards in September 2024.  Further, plaintiff has not filed a change of address though he knows of the

---

[3] As of February 20, 2025, plaintiff has not been returned to state custody.  This information was obtained from the CDCR Inmate Locator website, https://ciris.mt.cdcr.ca.gov/ (accessed Feb. 20 2025).  The Court may take judicial notice of public records available on online inmate locators.  See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

5

requirement to do so and has previously filed changes of address. (ECF Nos. 78, 80.) The Court cannot effectively manage its docket if plaintiff does not participate in the case, plaintiff cannot be contacted by defense counsel to re-schedule plaintiff's deposition, and defendants cannot file their anticipated motion for summary judgment because plaintiff's deposition cannot be taken. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. Thus, this Court finds that the second factor—the Court's need to manage its docket—weighs in favor of dismissal.

Third, plaintiff's actions in absconding from parole, failing to participate in discovery, failing to respond to defense counsel's phone calls, and failing to respond to the deposition notice or appear for deposition, have unreasonably delayed and impaired defendants' ability to depose plaintiff, depriving defendants of an opportunity to discover evidence and facts, preventing them from defending against plaintiff's claims, and interfering with the timely resolution of this case filed in 2021. See Woolery v. Shasta Cnty. Jail, 2022 WL 2452293, at *3 (E.D. Cal. July 6, 2022), report and recommendation adopted, 2022 WL 4292290 (E.D. Cal. Sept. 16, 2022) (prisoner's failure to participate in discovery prejudiced defendants because it impaired their ability to determine relevant defenses to prisoner's claims and delayed resolution) (citations omitted). Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to participate in discovery by failing to respond to the deposition notice and failing to appear for his deposition, and failure to communicate with defense counsel weighs in favor of dismissal.

The fourth factor—public policy favoring a disposition of actions on its merits—usually weighs against dismissal. However, plaintiff's own actions in failing to participate in discovery and what appears to be his evasion from parole are impeding the progress of this case. "[A] case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). Thus, the fourth factor "lends little support" to the weighing of these factors, and does not weigh against dismissal under these circumstances. See id.

The fifth factor—availability of less drastic sanctions—presents a closer question. See Yourish, 191 F.3d at 992 (although finding that the less drastic alternatives factor did not weigh in favor of dismissal, finding three other factors strongly favored dismissal, and holding that the district court did not abuse its discretion in dismissing the case based on plaintiff's failure to timely amend).  In this case, the defendants' notice of deposition was served on plaintiff at his address of record despite defense counsel's inability to locate or communicate with plaintiff, and despite learning plaintiff had absconded on parole.  Since May 2024, mail sent to plaintiff has not been returned to the Court, and apparently not returned to defense counsel.  Because plaintiff has failed to respond to the deposition notice or appear for his deposition, and apparently has absconded from parole, issuing an order compelling his attendance at another deposition would be futile.  In addition, warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement.  Malone, 833 F.2d at 132 (citing Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).  Here, plaintiff has twice been warned about the consequences of failing to comply with Local Rule 230(l) and the Federal Rules of Civil Procedure, as well as failing to oppose a motion to dismiss.  (ECF No. 49 at 6, 8; ECF No. 74.)  Further, less drastic monetary sanctions would also be ineffective because plaintiff was indigent at the time he filed this action, is proceeding in forma pauperis, and there is no evidence that his financial circumstances have changed.  Because plaintiff has failed to participate in discovery, was warned about the failure to oppose a motion to dismiss, less drastic monetary sanctions would be ineffective, and because plaintiff has absconded from parole, apparently abandoning this action, the Court finds that less drastic sanctions are not warranted under these circumstances.  Thus, this factor weighs in favor of dismissal.

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  This Court finds that plaintiff failing to participate in his own deposition and having absconded parole for the last six months constitutes extreme circumstances.  Having weighed the five factors, the Court finds that the first, second, third and fifth factors discussed above weigh in favor of dismissal, and outweigh the fourth factor.  Accordingly, this Court recommends dismissal of this action based on plaintiff's

failure to prosecute.

## III. SCHEDULING

The December 30, 2024 discovery deadline and the February 11, 2025 pretrial motions deadline have both expired. In light of the instant recommendations, the discovery and pretrial motions deadlines will be reset if this action is not dismissed as recommended.

## IV. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to change the caption of this action to Jonathan Bennett v. U. Garcia.

Further, IT IS RECOMMENDED that this action be dismissed for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/benn1340.dlop.fr